IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 1:05-CR-380 |
| v. : | |
| : | (Judge Kane) |
| SYLVESTER STALLONE ANDERSON, III, : | |
| : | |
| Defendant : | |

**MEMORANDUM AND ORDER**

Pending before the Court is the Motion of the United States for Revocation of the Magistrate Judge's September 27, 2005 Order of Release. (Doc. No. 18.) The motion has been fully briefed and the Court heard testimony and argument on October 4, 2005. For the reasons set forth below, the motion will be granted and Defendant will be ordered detained pending trial.

**I.     Background**

On September 21, 2005, a federal grand jury sitting in Harrisburg, Pennsylvania, returned a three-count indictment against Defendant. Count I of the indictment charged Defendant with distributing and possessing with the intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1), which carries a minimum sentence of 10 years in prison. Count II of the indictment charges Defendant with distributing crack cocaine within 1,000 feet of a public housing facility in violation of 21 U.S.C. § 860, which exposes Defendant to twice the maximum punishment authorized by 21 U.S.C. § 841(b). Count III represents a forfeiture count filed pursuant to 21 U.S.C. § 853.

Defendant was arrested on September 23, 2005, and on that date Defendant appeared before Magistrate Judge J. Andrew Smyser to be arraigned. At that time, the Court granted Defendant's request to continue his arraignment and detention hearing until September 27, 2005.

Prior to Defendant's initial appearance, the United States moved for Defendant's pretrial

detention.  In support of this motion, the United States argued that there existed a rebuttable presumption that Defendant posed both a flight risk and a danger to the community.  Specifically, the United States asserted that due to the nature of the crimes charged, Defendant is presumed to be both a flight risk and a danger to the community under 18 U.S.C. § 3142(e).  Additionally, the United States proffered evidence of the danger Defendant posed to the Carlisle, Pennsylvania community in which he lives, noting that since September 2004, Defendant has been arrested on several occasions for selling crack cocaine, and further noting that law enforcement officers made controlled purchases of crack cocaine from Defendant while he was on bail on other charges of crack distribution that were pending in Commonwealth Court.  The United States also proffered that the government has videotaped surveillance that shows Defendant selling crack cocaine out of his Carlisle, Pennsylvania home, and that the government seized 20 grams of crack cocaine from the residence.

Defendant responded to the United States, also by way of proffer.  Defendant's counsel advised Magistrate Judge Smyser that Defendant was a long-term resident of Carlisle, Pennsylvania and resides with his mother and father and has not been convicted of any crimes committed as an adult.  Additionally, counsel indicated that Defendant is enrolled at Harrisburg Area Community College and plans to apply to college in Maryland where he hopes to play basketball.

Defendant's father also testified during the detention hearing in support of a request that the father be appointed as a third-party custodian of Defendant.  Mr. Anderson testified that his son has lived at home his entire life, and that he provides limited assistance to his mother, who is confined to the home as a result of a stroke.  Mr. Anderson acknowledged that he works very

long hours and is not consistently present in order to supervise his son's activities during the day.

Following this testimony, Magistrate Judge Smyser found that the United States had not demonstrated probable cause to detain Defendant pending trial. In so finding, Judge Smyser specifically disagreed with the United States' assertion that the grand jury's finding of probable cause to charge Defendant was sufficient to trigger a presumption of dangerousness. (Transcript of September 27, 2005, at. 20-21.) Judge Smyser asserted that the government was not required to rely only on the grand jury's probable cause finding of probable cause, and stating "that there are circumstances where the actual evidence that supports a charge ought to be presented to the Court, and this seems to me to be such a case." (Id. 21.) Upon a request from the United States for clarification on his ruling, Magistrate Judge Smyser did not specify whether it was the position of the Court that the grand jury's probable cause determination was insufficient to trigger a presumption of dangerousness under 18 U.S.C. § 3142(e). (Id.)

Subsequently, the United States filed the instant motion before the Court requesting a de novo review of Judge Smyser's denial of the government's detention motion, and requesting that such denial be revoked. (Doc. No. 18.) On October 4, 2005, the Court heard argument on the motion and the government presented testimony of Jeffrey Kurtz, a detective with the Carlisle Police Department involved in the investigation of Defendant's involvement in drug trafficking, whose testimony is discussed more fully below.

## II.     Legal Standard

This Court has jurisdiction to review the Magistrate Judge's denial of pretrial detention pursuant to 18 U.S.C. § 3145(a). That statute requires that the Court make a de novo determination of the Magistrate Judge's findings underlying the order of release. United States

3

v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985). To the extent the Magistrate Judge provides reasons for denying pre-trial detention, those articulated reasons must be given "respectful consideration." United States v. Suppa, 799 F.2d 110, 120 (3d Cir. 1986).

Pretrial detention may be ordered only if, after a hearing, a "judicial officer finds that no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e). In making such a finding, a court employs an evidentiary presumption:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure . . . the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.) . . . .

18 U.S.C. § 3142(e). The United States Court of Appeals for the Third Circuit has held that because an indictment by a grand jury conclusively demonstrates that probable cause exists to implicate a defendant in a crime, "[t]he indictment, coupled with the government's request for detention, is a sufficient basis for requiring an inquiry into whether detention may be necessary . . . ." Suppa, 799 F.2d at 118 (3d Cir. 1986) (quoting United States v. Hurtado, 779 F.2d 1467, 1478 (11th Cir. 1985)). In reaching this conclusion, the Third Circuit stated that to "[accord] this effect to an indictment is consistent with the holding that an indictment is a sufficient substitute for a preliminary hearing to establish probable cause." Suppa, 799 F.2d at 119 (citation omitted).

However, a probable cause finding predicated on an indictment will not necessarily be sufficient alone to cause detention, "since the presumption of § 3142(e) shifts to the defendant

only the burden of producing evidence of lack of dangerousness, the burden of persuasion on dangerousness remaining always with the government." Id.  The Third Circuit, quoting a decision from the United States Court of Appeals for the Eleventh Circuit, explained:

> The showing of probable cause (by means of an indictment) may be enough to justify detention if the defendant fails to meet his burden of production, or if the government's showing is sufficient to countervail the defendant's proffer, . . . but it will not necessarily be enough, depending upon whether it is sufficient to carry the government's burden of persuasion.

Id. (quoting Hurtado, 779 F.2d at 1478) (emphasis in original).  The Third Circuit has suggested evidence that might be adequate to rebut the presumption may include testimony from co-workers, neighbors, family physicians, friends, or other associates concerning the defendant's character, health, or family circumstances.  Id. (citing United States v. Perry, 788 F.2d 100, 115 (3d Cir. 1986).

**III.    Discussion**

With the foregoing legal standard in mind, the Court turns to the detention proceedings presented in this case.  The grand jury charged Defendant with violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), which carries a maximum penalty of imprisonment for ten years or more, thereby giving rise to the presumption that Defendant is both a danger to the community and a flight risk.  See 18 U.S.C. § 3142(e); Suppa, 799 F.2d at 119.  Accordingly, to the extent Magistrate Judge Smyser found that the indictment itself was insufficient to find probable cause to detain Defendant, such a finding is incorrect as a matter of law.[1]

---

[1]   Upon review of the transcript of the detention hearing held before Magistrate Judge Smyser, it is not entirely clear whether he found that the indictment was insufficient as a matter of law to trigger the presumption of dangerousness.  Near the close of the hearing, the

Because it appears Magistrate Judge Smyser denied the Government's motion on the basis that the Government had failed to demonstrate probable cause, nothing in the record below suggests that Judge Smyser considered Defendant's proffer, which was made to in an effort to rebut the presumption of dangerousness under § 3142(e).  For purposes of evaluating the Government's request for pre-trial detention, and whether Defendant has rebutted the presumption of dangerousness, the Court will consider Defendant's proffer before Magistrate Judge Smyser regarding his long-term residence of Carlisle, Pennsylvania, his lack of any criminal convictions as an adult, and his enrollment in community college.  As noted, Defendant also offered the testimony of his father in support of a request that Mr. Anderson be appointed third-party custodian.

In addition to its proffer before Magistrate Judge Smyser, the United States offered additional testimony to this Court from Detective Jeffrey D. Kurtz of the Carlisle Borough Police Department in an effort to sustain the Government's burden of persuasion under § 3142(e). Detective Kurtz testified that Carlisle police officers conducted a controlled purchase of .23 grams of crack cocaine from Defendant on September 7, 2004.  (Transcript of October 4, 2005, at 17.)  Carlisle police officers subsequently obtained an arrest warrant for Defendant, which was executed on December 2, 2004 at Defendant's residence.  (Id. 17-18.)  Detective Kurtz testified that officers obtained and executed a search warrant for the residence, which yielded a safe, a

---

United States asked Judge Smyser whether he had determined that the indictment was insufficient to trigger the presumption.  Judge Smyser inquired as to whether the Government was asking the question as a matter of law, or only with respect to this case.  (Id.)  The United States clarified that it was inquiring "[a]s a matter of this particular case."  (Id.)  Magistrate Judge Smyser then proceeded to state only that he would "make that decision."  (Id.)  Thereafter, Judge Smyser declared that the Government's motion for an order of pretrial detention was denied.  (Id.)

small quantity of marijuana, and other paraphernalia. (Id. 18.) Officers obtained a warrant to search the safe recovered from Defendant's bedroom, and found, inter alia, 21.75 grams of crack cocaine and a ceramic plate later determined to contain Defendant's finger prints. (Id. 19.) Subsequent to this search, Defendant was picked up from Cumberland County Prison and arrested on additional charges of possession with intent to deliver crack cocaine. (Id.) Detective Kurtz testified that on December 21, 2004, Defendant was released on bond from Cumberland County Prison. (Id. 20.)

Detective Kurtz testified that he and other law enforcement officers continued to receive complaints from neighbors about Defendant's narcotics trafficking. (Id. 21.) As a result, police officers set up video surveillance of Defendant's residence in early June 2005. (Id.) Detective Kurtz testified that on June 2, 2005, officers observed Defendant conducting what was believed to a drug transaction out of the rear of his residence with a known crack cocaine user. (Id.) On June 6, 2005, officers observed at least nine additional transactions that were believed to be drug-related, all of which occurred out of the rear of Defendant's residence. (Id. 21-22.) In addition to observing the foregoing transactions, on June 9, 2005, police officers made a controlled purchase of .4 grams of crack cocaine from Defendant's residence, using a confidential informant. (Id. 23.) On June 14, 2005, police officers made another controlled purchase of .2 grams of crack cocaine from the rear of Defendant's residence. (Id.) Defendant Kurtz testified that all of the foregoing transactions took place while Defendant was on bail on the charges pending in Cumberland County. (Id. 24.)

On June 17, 2005, Carlisle police officers executed another search warrant at Defendant's residence. (Id.) A search of the residence yielded $380, more than one gram of crack cocaine,

and packaging materials.  (Id.)  At this time, Defendant was arrested pursuant to a warrant.  (Id. 25.)  Subsequent to his arrest, Defendant was released on bond.  (Id.)

Detective Kurtz testified that after Defendant was released on bond, community members continued to complain about Defendant's conduct.  (Id.)  On July 15, 2005, Carlisle police officers made another controlled purchase from Defendant.  (Id.)  Detective Kurtz testified that officers continued to monitor Defendant's activities, and made additional controlled purchases of crack cocaine on August 26, 2005, August 31, 2005, and September 21, 2005.  (Id. 26.)  The final controlled purchase on September 21, 2005, took place on the day the federal grand jury handed down the indictment in this case.  Defendant was arrested on September 23, 2005.  (Id. 28.)  During this arrest, Carlisle police officers recovered a quantity of cash, a digital scale, packaging materials, and approximately four grams of crack cocaine hidden in Defendant's rectum.  (Id. 29.)

Although Defendant's counsel cross-examined Detective Kurtz, Defendant introduced no additional evidence to rebut the presumption of dangerousness under 18 U.S.C. § 3142(e) other than the proffer and limited testimony presented to Magistrate Judge Smyser during the prior detention hearing.

Upon finding that the indictment provides probable cause to detain Defendant pending trial in this case, and finding that the crimes with which Defendant has been charged give rise to a rebuttable presumption of dangerousness under 18 U.S.C. § 3142(e), and upon consideration of the evidence proffered during the prior hearing, together with the testimony of Detective Kurtz regarding Defendant's persistent and repeated drug trafficking, the Court finds that the presumption of dangerousness triggered by 18 U.S.C. § 3142(e) has not been rebutted.

Moreover, the Court finds that the United States has presented clear and convincing evidence that Defendant represents a danger to his community.  For purposes of evaluating whether pre-trial detention is warranted, the Court credits the testimony of Detective Kurtz, and is particularly mindful that Defendant appears to have persistently engaged in narcotics trafficking while on bail, following multiple arrests for selling crack cocaine.  The Court is satisfied that the Government has made a showing sufficient to demonstrate that Defendant should be subject to pre-trial detention.  Accordingly, the Court will revoke Magistrate Judge Smyser's order denying the Government's motion for detention, and will enter an Order requiring the Defendant be detained pending trial.

**IV.     Order**

**AND NOW**, this 14th day of November 2005, for the reasons set forth in the within memorandum, **IT IS HEREBY ORDERED THAT** the Motion of the United States for Revocation of the Magistrate Judge's September 27, 2005 Order of Release (Doc. No. 18) is **GRANTED** and the Order of Release entered by Magistrate Judge Smyser is **REVOKED**.

Pursuant to this Court's finding that the Government has presented clear and convincing evidence that the Defendant represents a danger to his community, and the Court finding that the Government sustained its burden of persuasion that no condition or combination of conditions will reasonably assure the safety of other persons and the community, **IT IS FURTHER ORDERED THAT** Defendant shall be subject to pre-trial detention pursuant to 18 U.S.C. § 3142(e) pending trial in this case.

**IT IS FURTHER ORDERED THAT** Defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

S/ Yvette Kane
Yvette Kane
United States District Judge